427 P.2d 366

Fred C. LOWE and Mae A. Lowe, his wife, William W. Preston and Grace E. Preston, his wife, Appellants,

v.

ARIZONA POWER & LIGHT CO., Inc., dba Electrical Distributing Company, Appellee.

No. I CA–CIV 387.

Court of Appeals of Arizona.

May 3, 1967.

Rehearing Denied June 6, 1967.

Review Denied Sept. 21, 1967.

————◆————

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, for appellants.

Wyles, Weinstein & McCarthy, by Shepard M. Weinstein, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from a judgment of the court sitting without a jury against the defendants upon a partnership obligation. The defendant Lowe, a limited partner, and defendant Preston, a general partner, bring the appeal. We are called upon to determine whether the facts indicate a valid revocation of a limited partnership agreement such that would subject the limited partner (Lowe) to general partnership liability. We are further called upon to determine whether there was a valid withdrawal by one of the general partners (Preston) from the partnership.

The facts necessary for a determination of the matter on appeal are as follows. A "Certificate of Formation of Limited Partnership" was signed 30 November 1961, and filed of record in the Maricopa County Recorder's Office 22 December 1961 (29–102 and 29–302 A.R.S.). The certificate designated the limited partner as Fred C. Lowe, and William W. Preston and Joseph Blomquist as general partners. The name of the firm was Blomquist Electric Company. The certificate provided that:

"In the event of the death, incapacity or withdrawal of either of the general partners, the partnership shall be continued with the remaining general partner and the limited partner."

Some time prior to 3 September 1963 the plaintiff, Arizona Power and Light Company, Inc., dba Electrical Distributing Company, extended credit upon an open account to Blomquist Electric. By then the general partner Preston had withdrawn from the partnership, and Blomquist, desiring to bring suit on behalf of the partnership against a debtor, went with Lowe to Blomquist's attorney. At that time a "certificate of partnership" was prepared and signed which read as follows:

"*CERTIFICATE OF PART-*
*NERSHIP*
"KNOW ALL MEN BY THESE PRESENTS:

"That we, JOSEPH C. BLOMQUIST and FRED C. LOWE, hereby certify that we have formed a partnership, under the firm name and style of BLOMQUIST ELECTRIC, for the purpose of conducting, operating and carrying on a general business as electrical contractors.

"Said establishment and business is situated at 3215 North Fifty-third Drive, Phoenix 31, Arizona, and at such other places as we may hereafter agree upon; that both of the undersigned are residents of the County of Maricopa, State of Arizona, and that the undersigned are the only members of said partnership.

"WITNESS our hands and seals this 30th day of August, 1963.

JOSEPH C. BLOMQUIST

FRED C. LOWE                    "

This certificate was also filed of record in the Maricopa County Recorder's Office on 3 September 1963. The testimony is sufficient to indicate that the plaintiff was not aware of the filing of this certificate at the time credit was extended to Blomquist Electric. Suit was brought by plaintiff in March of 1965 alleging $9,739.40 due and owing. Defendant Lowe answered denying the general partnership, asserting a limited partnership and denying the amount owing. Blomquist and Preston also answered, denying a general partnership and alleging that the limited partnership was indebted for a sum, the correct amount of which was unknown, but that $1,416.43, at least, was usurious interest charged by the plaintiff.

The trial was held and the transcript shows that the testimony of the office manager and vice president of Arizona Power and Light stated as follows when asked regarding the amount due and owing:

"A   The present balance is $9,835.59.

"Q   And that, sir, is for fixtures and materials sold, is that correct?

"A   Yes, sir.

"Q   Has demand been made?

"A   Yes, sir.

"Q   For the payment of this sum?

"A   It has.

"Q   And has any money been paid thereon?

"A   Not since final demand was made, there were payments during the course of business, but this amount is still due and owing."

Defendant presented invoices which showed the amount of interest claimed by plaintiff and this is the only testimony before the court below or before this Court which would indicate what amount, if any, was due from the partnership, limited or otherwise, to the plaintiff.

The testimony is also ample from which the court could find that Mr. Preston left

the partnership approximately six months after the business was started or early in 1962 and before plaintiff extended credit to the partnership.

■■   The question before this Court is whether the "certificate of partnership" filed 3 September 1963 supersedes the prior certificate of limited partnership and subjects the prior limited partner, Mr. Lowe, to the obligations of the partnership as a general partner. We feel that it does. In the instant case there was, by virtue of the "Certificate of Formation of Limited Partnership" filed in December, 1961, a valid, preexisting limited partnership. After the filing of the certificate of limited partnership the general partner Preston left the business. The testimony of Mr. Lowe was as follows:

"Q   When did he [Preston] leave the business?

"A   Well, it was just a few months, I think not more than six months as I remember, after it was originally started."

The certificate of limited partnership was not amended as required by 29–324, 29–325 A.R.S.[1] Nothing in the "certificate of partnership" filed 3 September 1963 indicates that Lowe was a limited partner. Had the certificate filed 3 September 1963 been a mere compliance with 29–102 A.R.S. concerning fictitious names and so stated, we might agree with appellants and the California case which stated:

"Respondent correctly urges that there was ample evidence to justify the court's finding that respondent was never held out as a general partner, and that the execution of the certificate of fictitious name could not serve as a matter of law to change respondent's status." Wattenbarger & Sons v. Sanders, 216 Cal.App. 2d 495, 30 Cal.Rptr. 910, 914 (1963).

Such is not the case at bar. The certificate filed 3 September 1963 indicated a partnership. True, it does not specify a gen-

1.  These two sections are similar to the provisions of Sections 24 and 25 of the

Uniform Limited Partnership Act. See 8 Uniform Laws Annotated.

eral partnership, but neither does it refer back to the certificate of limited partnership or indicate an amendment to that certificate or indicate a new limited partnership. Although our statute 29–328, subsec. A, .A.R.S. states that, "The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this article" (29–328, subsec. A, A.R.S.), still limited partnerships, being unknown at common law and being creatures of statute, Ruzicka v. Rager, 305 N.Y. 191, 111 N.E.2d 878, 39 A.L.R.2d 288 (1953), to obtain the protection as a limited partner the partners must comply with the statutory requirement regulating formation and continuance of the limited partnership or be held liable as general partners. Lowe, by not complying with the provisions of the Arizona limited partnership statute, cannot now claim its protection.

The limited partnership became a general partnership consisting of Blomquist and Lowe as of 3 September 1963. The obligations incurred by the general partnership after that date would be the obligation of Blomquist and Lowe. As to the obligations incurred by the partnership prior to 3 September 1963, the certificate of limited partnership being effective and there being no active participation by Lowe which would subject him to liability as a general partner (29–307 A.R.S.) or evidence that Mr. Lowe had acted contrary to the certificate of limited partnership prior to that time, Mr. Lowe would not be liable to the plaintiff for the debts incurred prior to the filing of the certificate of partnership 3 September 1963. Mr. Preston, still a general partner under the certificate of limited partnership previously filed, would be liable along with Mr. Blomquist for debts incurred prior to 3 September 1963.

The matter will have to be remanded to the Superior Court for a determination of which portion of the bill was incurred prior to 3 September 1963, and that which was incurred thereafter, and the judgment as

to Preston and Lowe to be determined in part on this finding of fact.

Reversed and remanded.

STEVENS, J., and LAWRENCE HOWARD, Superior Court Judge, concur. NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.