**DIAMOND INTERNATIONAL CORPORATION, formerly known as Foster Lumber Company, Inc., Plaintiff and Appellee,**

v.

**Malcolm W. GLAD, Defendant and Appellant.**

**No. 13804.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 17, 1983.

Decided Feb. 23, 1983.

Robert L. Varilek, Rapid City, for plaintiff and appellee.

Wayne F. Gilbert of Lehnert & Gilbert, Rapid City, for defendant and appellant.

DUNN, Justice.

This is an appeal from a summary judgment granting Diamond International Corporation (appellee) a judgment against Malcolm W. Glad (appellant) in the amount of $16,307.87, plus interest. We affirm.

On March 21, 1978, appellant entered into an agreement with John Thompson (Thompson) and Kenneth H. Olson (Olson)

to form a limited partnership. The Articles of Partnership and the Certificate of Limited Partnership, which was later filed with the county register of deeds, were signed March 21, 1978, and designated the partnership name to be Exterior Designers. The partnership was to exist from March 21, 1978, to the close of business on March 20, 1979, and thereafter from year to year. In both documents, Thompson and Olson were listed as general partners and appellant was listed as a limited partner.

On October 16, 1978, appellant, on the advice of counsel, entered into a new agreement with Thompson and Olson which amended the original Articles of Partnership of Exterior Designers. The amended articles changed appellant's status from a limited partner to a general partner and altered the original articles by "eliminating any reference therein to 'limited partnership'." Most significantly, instead of making the new partnership prospective, the parties backdated the partnership's life as follows:

> *Term.* The partnership shall begin on March 21, 1978, and shall continue until March 20, 1979, and thereafter from year to year as herein provided.

The document went on to list appellant and Olson as general partners. By making no provision for Thompson, the amended articles were apparently intended to remove him completely from the partnership operations. The document was witnessed by Thompson, Olson and appellant in their original capacities as general partners and limited partner.

Following the creation of the original partnership and before the Amended Articles were executed, Exterior Designers purchased goods, materials and supplies from appellee. On September 24, 1978, $16,-307.87 was due and owing. Payment was not made and, in a subsequent suit, judgment was entered against Olson and the partnership.

In the case at hand, the trial court was asked to determine whether appellant was liable as a general partner for the debts incurred by Exterior Designers as a result of the Amended Articles entered into by appellant on October 16, 1978. The trial court concluded that the backdating did make appellant personally liable for partnership debts and appellant now appeals.

Initially, we note our standard of review in this case is different from our normal presumption that a trial court's rulings and decisions are correct, and that this court will not seek reasons to reverse. As we stated in *Johnson v. Johnson,* 291 N.W.2d 776, 778 (S.D.1980): "This presumption does not exist ... when the appellate review is based entirely on a written record." Since this appeal is based entirely on a written record, our court's review of the record is the same as the trial court's.

Appellant contends that he did not lose his shield of limited liability prior to the execution of the amended articles of partnership and that the subsequent change in the amended articles from a limited partner to a general partner did not result in appellant's assumption of preexisting debts.

As a limited partner, appellant was not bound by the obligations of the partnership. SDCL 48–6–1. Moreover, SDCL 48–6–10 states:

> A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business.

The record reflects appellant's status as a limited partner and there is no credible evidence in the record that appellant violated his status as a limited partner by taking part in the management or control of the partnership.

The execution of the Amended Articles of Partnership by appellant, however, poses significant problems. Our review of the limited case law in this area suggests the general rule when a limited partnership status is changed is that the former limited partner is liable for the obligations of the partnership as if he were a general partner, but only as of the date stated in the second writing. In *Lowe v. Arizona Power & Light Co.,* 5 Ariz.App. 385, 427 P.2d 366

(1967), the court was asked whether a new partnership agreement, signed two years after the original partnership was formed, superseded the prior limited partnership and subjected the former limited partner to obligations of the partnership as a general partner. Like the case at hand, there was no active participation by the limited partner prior to the amendment which made him liable as a general partner. In *Lowe,* the court determined the new agreement did make the limited partner liable for the obligations of the partnership as if he were a general partner but only as of the date specified in the new agreement. There the parties made the new agreement effective on the date of execution so no liability was imposed on the limited partner for the prior two years of operation.

We believe the analysis in *Lowe* would be dispositive in the case at hand but for a significant factual distinction. Here the parties changed the limited partner's status to a general partner and *backdated* the life of the agreement to the original date on which the partnership was formed. As noted earlier, the relevant portion of the amended agreement read:

*Term:* the partnership shall begin on March 21, 1978, and shall continue until March 20, 1979, and thereafter from year to year until terminated as herein provided.

By its own terms, the agreement makes appellant assume the rights and obligations of a general partner as of March 21, 1978. Appellee has established that Exterior Designers incurred obligations on account subsequent to this date. Since appellant expressly assumed the obligations of Exterior Designers from the original date on which the partnership was formed, we find appellant liable for the debts as if he had been a general partner.

Accordingly, we affirm the summary judgment.

All the Justices concur.