James R. GARRETT and Efton M. Henson, Appellants,

v.

Edwin E. KOEPKE and William H. Wood, Jr., et al., Appellees.

No. 19493.

Court of Civil Appeals of Texas, Dallas.

June 30, 1978.

Rehearing Denied Aug. 18, 1978.

---

Ivan R. Williams, Jr., Price & Williams, Austin, for appellants.

Hugh L. Berryman, Reppeto & Berryman, Herbert W. Marshall, Shearin, Collins & Marshall, Dallas, for appellees.

AKIN, Justice.

The principal question presented by this appeal is whether limited partners lose their limited liability status, as a matter of law, where the partnership had failed to comply with the Uniform Limited Partnership Act, Tex.Rev.Civ.Stat.Ann. art. 6132a (Vernon 1970), which requires filing with the Secretary of State a certificate setting forth certain information pertaining to the limited partnership. A corollary question is whether certain limited partners lost their status with respect to limited liability where they exercised control over the partnership assets. We hold that since art. 6132a is a notice statute and since appellants already had the information that would have been provided by compliance with the statute prior to dealing with the limited partnership, the failure to comply with art. 6132a does not cause appellees to lose their status as limited partners. We also hold that, under the facts here, the

limited partners did not become liable as general partners by exercising control of certain partnership assets. Accordingly, we affirm.

This is an appeal from three separate summary judgments denying appellants any recovery against appellees. Appellants, Garrett and Henson, sued appellees for a debt resulting from the alleged breach of a lease for a motel sign. Appellants had formerly owned the Continental Longview Motor Inn but sold it to a partnership in which appellees were limited partners. The partnership had assumed and had agreed to pay the sign payments. This limited partnership was created by an agreement executed in February of 1971 for the purpose of purchasing and operating the Continental in Longview, Texas. Appellees were denominated as limited partners in this agreement. Neither the limited partnership agreement nor a certificate containing the information required by art. 6132a was filed with the Secretary of State. Appellant Garrett's deposition shows, however, that he knew that he was dealing with a limited partnership and understood the consequences of dealing with such an entity. In September 1972, because the general partner resigned, appellees assumed control of the partnership to effect collection of partnership assets so that they could be distributed to the limited partners.

Appellants argue first that since a certificate of limited partnership was never filed with the Secretary of State, a question is presented as to whether the partnership became a general one, thus making appellees liable as general partners. Secondly, they assert that even if a valid limited partnership was formed, an issue exists as to whether when certain of the limited partners took control of the business, they lost their limited liability. Finally, appellants urge that because the limited partners failed to promptly renounce their respective interests in the partnership assets when they discovered that no limited partnership certificate had been filed, they lost their limited liability, citing Tex.Rev.Civ.Stat. Ann. art. 6132a § 12 (Vernon 1970). We hold, however, that since appellants were on notice that the entity with which they were dealing was in fact a limited partnership, appellees' failure to comply with art. 6132a is immaterial. We hold further that no limited partner took such a part in the control of the business so as to lose his shield of limited liability. In view of these holdings, we do not address whether the limited partners promptly renounced their interests.

Appellees admit that they had failed to file a certificate of limited partnership as required by Tex.Rev.Civ.Stat. Ann. art. 6132a (Vernon 1970). Appellants contend, therefore, that appellees are liable for the debt sued upon as general partners. We cannot agree with this contention. We see no logical reason to strip appellees of their limited liability under their partnership agreement merely because they failed to comply with art. 6132a. The purpose of the filing requirements under the act is to provide notice to third persons dealing with the partnership of the essential features of the partnership arrangement. *Hoefer v. Hall,* 75 N.M. 751, 411 P.2d 230 (1966); *Tiburon National Bank v. Wagner,* 265 Cal. App.2d 868, 71 Cal.Rptr. 832 (1968); *Davis v. Davis,* 247 Or. 352, 429 P.2d 808 (1967). Since appellants knew that the entity with which they were dealing was a limited partnership, as well as the consequences of dealing with such an entity, they were in no way prejudiced by the failure to comply with the statute. We see no compelling policy reason here for holding that appellees became general partners by requiring technical compliance with these notice provisions. Indeed, such was not the intent of the legislature in enacting the statute; instead, its' intent was to provide notice of limited liability of certain partners to third parties dealing with a partnership. *R. H. Sanders Corp. v. Haves,* 541 S.W.2d 262, 265 (Tex.Civ.App.—Dallas 1976, no writ). The nature and legal existence of a partnership does not depend upon any filing required by a statute. *Tracy v. Tuffly,* 134 U.S. 206, 226, 10 S.Ct. 527, 33 L.Ed. 879 (1890). We hold, therefore, that where a party has knowledge that the entity with which he is

dealing is a limited partnership, that status is not changed by failing to file under art. 6132a. Indeed, the Houston Court of Civil Appeals in *Voudouris v. Walter E. Heller & Co.*, 560 S.W.2d 202, 207 (Tex.Civ.App.— Houston [1st Dist.] 1977, writ pending) held that the failure to file the limited partnership agreement with the Secretary of State did not result in the formation of a general partnership.

Appellants rely on *Lowe v. Arizona Power & Light Co.*, 5 Ariz.App. 385, 427 P.2d 366 (1967) and *Hoefer v. Hall, supra*, for the proposition that in order to obtain protection as a limited partner, there must be compliance with the statutory requirements. In *Lowe*, a certificate of limited partnership had been filed but after the withdrawal of one of the general partners the remaining partners executed and filed a certificate of partnership which did not indicate whether a general or limited partnership was intended. The court held that even though the certificate of partnership did not specify a general partnership it did not refer back to the certificate of limited partnership nor indicate an amendment to it and, therefore, the second certificate of partnership superceded the limited partnership certificate. Accordingly, that court held Lowe liable as a general partner. *Lowe* is distinguishable on the ground that plaintiffs there did not have actual notice that a limited partnership existed. Thus, we do not consider it controlling. *Hoefer* held that the failure to record a certificate of limited partnership did not preclude the existence of the partnership insofar as the parties to the agreement are concerned. Although *Hoefer* quotes the "rule" requiring compliance with the statute in order to have a limited partnership, that court arrived at the same conclusion as we have here where all parties had knowledge of the nature of the partnership. We do not agree, however, with *Hoefer* insofar as it states that compliance with the statute is necessary to have a limited partnership.

■ Appellants next contend that some of the limited partners lost their shield of limited liability when they took a control position in the business of the partnership citing art. 6132a, § 8. We cannot agree. The debt upon which appellants are suing arose when the general partner controlled the motel. The alleged participation of appellees in the business that may jeopardize their limited liability occurred after this debt was incurred. Thus, assuming that they participated in the management and control of the limited partnership so as to make them liable as general partners, their liability for obligations incurred before they were general partners can only be satisfied out of partnership property. Consequently, they cannot be held personally liable for this debt. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 17 (Vernon 1970); *Miller v. Doughty*, 520 S.W.2d 586 (Tex.Civ.App.—Corpus Christi 1975, no writ).

Affirmed.

GUITTARD, C. J., not participating.