**In re H. Roger LAWLER, et al., Debtors.**

**H. Roger LAWLER, Plaintiff,**

**v.**

**Harold B. DeJULIO and Texas Land Venture, Defendants.**

**Bankruptcy No. 586–501.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

May 11, 1987.

C. Thomas Wesner, Wesner, Coke, Boyd & Clymer, P.C., Dallas, Tex., for Lawler.

Harold L. Perry, Oakland, Cal., for DeJulio and Texas Land Venture.

## MEMORANDUM OF OPINION CONCERNING DEBTOR'S OBJECTION TO CLAIM NO. 45

JOHN C. AKARD, Bankruptcy Judge.

On October 3, 1978 Harold L. Perry, an attorney of Oakland, California, filed a Proof of Claim (No. 45 on the Court's Claim Docket) on behalf of Harold B. DeJulio (DeJulio) and Texas Land Venture, a limited partnership (TLV). The Proof of Claim

states that Perry is the attorney for DeJulio and the members of TLV and that he is authorized to make and file it on their behalf. The claim is based on two matters:

a. A suit in the United States District Court for the Northern District of California, No. C–78–0201, filed by DeJulio and TLV seeking to set aside certain transfers of properties and to have the assets of the Lawler Family Trusts be declared assets of H. Roger Lawler (Lawler).

b. A promissory note in the principal amount of $950,000.00 dated September 28, 1977 executed by George G. Nicoladze as Trustee of the Lawler Family Trusts payable to DeJulio as General Partner of TLV.

By "Order Declaring Alter Ego" dated June 18, 1979, Bankruptcy Judge Dean Gandy declared the Lawler Family Trusts the alter ego of Lawler for all purposes, retroactive to their inception.

The Debtor filed objections to that Proof of Claim. On September 25, 1986, this Court permitted the filing by the Debtor of its Second Amended Objection to Proof of Claim No. 45 and a hearing on that objection was held on December 8, 1986.[1] The Second Amended Objection is based on the following grounds:

a. A Summary Judgment in favor of Lawler and his then Trustee-in-Bankruptcy, L.E. Creel, III, was granted on January 23, 1981 by the United States District Court for the Northern District of California in Cause No. C–78–0201 (the suit which was the basis of a portion of the Proof of Claim). The Judgment was affirmed by the United States Court of Appeals for the Ninth Circuit on July 1, 1982 in Cause No. 81–4158.

b. A Summary Judgment cancelling the $950,000.00 note was signed on January 17, 1979 by the Judge of the 141st Judicial District Court of Tarrant County, Texas in a suit brought by William Robert Lawler, Jr., Trustee of the Lawler Family Trusts against DeJulio and TLV. That decision was affirmed in *DeJulio v. Lawler*, 593 S.W.2d 837 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.).

c. On November 25, 1981, by "Order Sustaining Objections to Late Filings of Declarations by Defendants and Order Granting Summary Judgment," the 141st Judicial District Court of Tarrant County, Texas in Cause No. 141–47534–78 styled "William Robert Lawler, Jr., Trustee, the Lawler Family Trusts v. Harold B. DeJulio, Individually and as General Partner of Texas Land Venture, a Partnership," granted a Judgment for the Plaintiff against DeJulio individually, and as General Partner, for $1,230,000.00 together with interest and costs of court. On February 16, 1983, the Superior Court of California for Contra Costa County entered a "Judgment on Sister State Judgment" with respect to the Texas monetary Judgment. Lawler asserts that this matter was appealed and affirmed on February 26, 1986 by the Court of Appeals of the State of California, First Appellate District, Division II, No. A022137. Based on this, Lawler asserts that he is entitled to "a judgment against Harold B. DeJulio and the members of the Texas Land Venture in the amount of $1,315,478.18 plus interest at the rate of 7% per annum from February 16, 1982."[2]

d. The remaining grounds seek sanctions against DeJulio and the members of TLV.

---

1. The hearing was originally scheduled for October 14, 1986, but had to be continued because of the crowded condition of the Court's docket.

2. The Texas Judgment of November 25, 1981 provides for 9% interest. The California Judgment on Sister State Judgment is for $1,230,-000.00 principal, $85,392.18 interest and $86.00 costs for a total of $1,315,478.18 which bears interest at 7%. The California Judgment was filed February 16, 1983. In one place it does state "Dated and Entered on Microfilm February 16, 1982," but in another place it states "Entered on Microfilm February 16, 1983." The Court concludes that 1983 is the proper date.

At the hearing on this matter, Lawler pointed to this Court's letter of June 17, 1986 entitled "Notice of Setting" addressed to Perry, the attorney for Lawler, and other parties which set various matters in this case for hearing in Fort Worth on October 14, 1986. The trial of this matter was continued to December 8, 1986. The notice was sent to Perry at the address stated in Claim No. 45. The records of this Court do not reflect that it was returned.

Lawler's attorney recited that he had mailed various other matters to Perry at that address and that these items had not been returned. Lawler's attorney submitted an affidavit from his secretary stating that she had verified the address through a legal directory and telephone directory assistance.

Perry did not appear at either the October 14 or December 8 settings, nor was any appearance made on behalf of DeJulio or TLV. No answer was filed on their behalf.

### Objection to Claim

■ Based on the Judgments of the United States Court of Appeals for the Ninth Circuit and the Texas Court of Civil Appeals, the matters asserted in Claim No. 45 have been resolved adversely to DeJulio and TLV and the claim should in all things be denied.

### Claim Against Members of TLV

Lawler's assertion of a personal judgment against the partners of TLV should be denied for a number of reasons.[3]

There is no evidence as to the names and addresses of the partners in TLV. As requested by the Court, Lawler submitted a proposed Pretrial Order. In the proposed Pretrial Order under the heading "Statement of Stipulated Facts" is the following: "At the time of the transactions in question, Claimant Texas Land Venture was a general partnership and the members (partners) were and are: ... (a list of 18 names and addresses of persons in the State of

California)...." The Court could not approve such a stipulation because of the default by DeJulio and TLV. Lawler presented no partnership agreement, tax return or other evidence of the membership of this partnership. Consequently the Court does not know the names and addresses of the members (partners) of the partnership.

The Proof of Claim states that TLV is a limited partnership. Apparently, at all times during the dealings between the parties, the parties assumed that it was a limited partnership. At hearing, Lawler introduced a Certificate from the Secretary of State of Texas dated September 26, 1986 stating that after a search of the records of that office, that there is no record "on file to indicate that there is a Limited Partnership on file bearing the name of TEXAS LAND VENTURES" (emphasis added). The Certificate does not state that there has never been such a limited partnership. It is to be noted that the Proof of Claim was filed October 3, 1978, almost eight years prior to the date of the Certificate and that the name given in the Proof of Claim is Texas Land Venture. Lawler also introduced a Certificate from the County Clerk of Tarrant County, Texas dated September 29, 1986 stating that the name Texas Land Venture did not appear in the assumed name records of that county. From this data, Lawler concludes that TLV was not a properly formed limited partnership and, thus, the partners are general partners and jointly and severally liable for the debts of the partnership.

■ Texas Courts have held that the fact that a limited partnership certificate is not filed with the Secretary of State does not necessarily create a general partnership or unlimited liability for the limited partners. *Garrett v. Koepke*, 569 S.W.2d 568 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). In *Garrett*, the Court was reluctant to extend general liability to the limited partners when third parties dealing with

---

3. The Court realizes that at the hearing on December 8, 1986 the Court ruled that the Judgment prayed for by Lawler should be granted. Upon more mature consideration and for the reasons stated, the Court withdraws that oral judgment and will enter an Order and Judgment in accordance with this Memorandum.

the limited partnership knew they were dealing with a limited partnership. *See also Voudouris v. Walter E. Heller & Co.,* 560 S.W.2d 202 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). The Fifth Circuit Court of Appeals followed *Voudouris* for the proposition that the failure to file a limited partnership agreement with the Secretary of State did not result in the formation of a general partnership. *Laney v. Commissioner of Internal Revenue,* 674 F.2d 342 (5th Cir.1982). *See also* "Partnerships—Bankruptcy Considerations and Recent Cases" by George W. Coleman, 5th Annual Bankruptcy Conference, University of Texas School of Law, 1986.

Lawler assumes that his Judgment of November 25, 1981 is against the partnership. That is not the case. The Judgment is against "HAROLD B. DeJULIO, INDIVIDUALLY AND AS GENERAL PARTNER OF TEXAS LAND VENTURE, A PARTNERSHIP."

■ Lawler asserts that service of notice upon Perry, as attorney of record, is sufficient pursuant to Fed.R.Civ.P. 5 which is made applicable to Bankruptcy proceedings by Bankruptcy Rule 7005. Subdivision (b) of Fed.R.Civ.P. 5 states that when service is to be made upon a "party" represented by an attorney, that the service shall be made upon the attorney. The question then is: Are the limited partners of TLV parties to this proceeding as a result of the claim which was filed in this proceeding? Claim No. 45 states that Perry is the attorney for DeJulio and "the members of TEXAS LAND VENTURE, a Limited Partnership filed in the State of California, and I am authorized to make and file this Proof of Claim on behalf of HAROLD B. DeJULIO and the members of TEXAS LAND VENTURE, a Limited Partnership." The claim then discusses the suit by DeJulio and TLV in the United States District Court for the Northern District of California and the $950,000.00 note which is payable to "Harold B. DeJulio, as General Partner of Texas Land Venture, a California Limited Partnership." Nowhere are the "members" listed. It is obvious from the claim that it is made on behalf of the partnership and not on behalf of the limited partners individually. This Court finds that the filing of the Proof of Claim by Perry does not constitute an entry of appearance in these bankruptcy proceedings by the members (partners) of TLV in their individual capacities. Consequently, they are not "parties" upon whom service may be had by serving Perry. Under Fed.R. Civ.P. 5(a) service on each individual partner is required.

It must be noted that Perry represents both DeJulio, individually and TLV. Although DeJulio, as General Partner of TLV, presumably had authority to employ Perry to represent TLV, he did not have authority to employ Perry to represent the limited partners individually. Certainly the employment to represent a limited partnership does not imply employment to represent the limited partners in their individual capacities.

In any event, this matter smacks of a fundamental lack of due process. Lawler is attempting, in a Texas bankruptcy proceeding, to get a joint and several judgment in excess of $1.3 million against a number of parties residing in California. Lawler gives them no actual notice of these proceedings in any way, shape or form. The judgment is sought by way of an objection to claim which does not in its title give any indication that such a judgment is requested. The body of the objection does not name the parties against whom the judgment is sought and alleges in only the most obtuse way the grounds for such a judgment and the fact that the judgment is being sought.

Claim No. 45 asserts that the Limited Partnership was properly formed under the laws of the State of California. There is no evidence to the contrary. The record before this Court indicates that all action on behalf of TLV was taken by DeJulio. There is no evidence that any of the limited partners ever came to Texas, or that they took any actions in Texas on behalf of the partnership. With the partnership agreement not in evidence, there is no way for this Court to tell whether DeJulio was acting within the scope of his duties as Gener-

al Partner or beyond the scope of his duties as General Partner. Thus the question remains as to whether the partnership has any liability whatsoever. If it does not, then neither would the limited partners.

If the limited partners were to be made parties to this proceeding, it was incumbent on Lawler to do so. It is not necessary for the Court to remind Lawler of this fundamental principle of law, but in the notice of setting dated June 17, 1986, the Court stated:

> It is the responsibility of the attorney for [Lawler] ... to determine that the addresses stated above are correct and sufficient to give notice of these hearings to all affected parties. If any of the addresses stated above are not correct or current, or if they are in any way insufficient to give full and proper notice to each and all of the parties involved, it is ... [the attorney's] ... responsibility to send copies of this letter, with appropriate transmittals in the manner he deems most appropriate, to give full and sufficient notice of these settings to all parties. He shall furnish proof of such service at the hearing.

The notice of setting related to several matters in the Lawler bankruptcy. Perry and Lawler's attorney were the only persons involved in the instant proceeding to whom the notice was sent as indicated by the addresses stated at the opening of the letter. At the hearing on this matter, Lawler's attorney presented evidence that he sent additional documentation to Perry; however, no evidence was presented showing notice to the limited partners. The Court could not have sent notice to the limited partners as they were nowhere disclosed in the records of this case and the complaint against them was not made until the Second Amended Objection to Proof of Claim No. 45 which the Court permitted to be filed on September 25, 1986.[4]

This case was filed under the Bankruptcy Act of 1898. Under § 23 of that Act (for-

mer 11 U.S.C. § 46), Bankruptcy Courts had limited jurisdiction over parties who were participants in the bankruptcy process, but almost no jurisdiction over parties who were not participants. The Bankruptcy Court was said to have "summary jurisdiction" to adjudicate all matters relating to the administration of the bankruptcy estate and to property in the Bankruptcy Court's possession. "Plenary jurisdiction" was the jurisdiction of United States District Courts over actions brought by Receivers or Trustees-in-Bankruptcy (and presumably Debtors-in-Possession) concerning property or claims that were not in the possession of the Bankruptcy Court. 2 *Collier on Bankruptcy* (14th Edition, 1976) ¶ 23.02. By filing a Proof of Claim, a party submitted himself to the jurisdiction of the Bankruptcy Court for certain purposes in what was customarily called "jurisdiction by ambush." *Collier, supra* at ¶ 23.08. The members (partners) of TLV did not file a claim in this proceeding and are not parties to this bankruptcy proceeding; consequently, this Court has no jurisdiction to render a judgment against them.

### Claim Against DeJulio

Lawler has already received a Judgment against DeJulio on these matters in the State of Texas and, based upon the Texas Judgment, a Judgment in the State of California. Any Judgment of this Court would be unnecessary and a duplication of the prior judgments.

### Sanctions

Lawler has requested sanctions against DeJulio and the members of TLV in the following language:

> The filing and continued prosecution of the Proof of Claim by Attorney Harold Perry, Harold B. DeJulio, and the members of the Texas Land Venture is a violation of Fed.R.Civ.P. 11. Under Rule 11, the signature of the attorney consti-

---

**4.** The Bankruptcy Act was designed to shield debtors from foreclosure and other actions of their creditors while the debtors reorganize their financial affairs. The Act was also designed to provide an equitable distribution of the debtor's assets to the creditors. Lawler is making an improper use of the Act by wielding it as a sword in an attempt to get a substantial judgment against unsuspecting California residents.

tutes a certificate that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law. Further, it must not be imposed for an improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation. Harold Perry appeared as attorney in the Texas proceedings and, as shown by Exhibit A, was attorney of record in the California proceedings. Harold B. DeJulio and the members of the Texas Land Venture have engaged in protracted litigation to avoid collection of the judgment. Continued prosecution of this Proof of Claim is harassing and needlessly increases the cost of litigation. The members of the Texas Land Venture are general partners.

The request for sanctions should also be denied for a number of reasons.

Lawler asks for sanctions against Perry, DeJulio and "the members of" TLV for the "filing and continued prosecution" of the Proof of Claim. For the reasons outlined above, the "members" are not parties to this proceeding.

■ The Proof of Claim was filed on October 3, 1978. Certainly the documentation attached to the Proof of Claim indicates that Perry, to the best of his knowledge, information and belief, felt that it was well-grounded in fact and warranted by existing law. The Proof of Claim was based upon a matter then pending in the United States District Court for the Northern District of California and a $950,000.00 promissory note which, on its face, was then due. The Summary Judgment hearing on the $950,000.00 note was not held until November 30, 1978. The opinion of the Texas Court of Civil Appeals is dated January 17, 1980, *supra.* Subsequently, a Motion for Rehearing and Writ of Error to the Texas Supreme Court were filed. The Judgment of the United States District Court for the Northern District of California is dated January 23, 1981 and the affirmance by the United States Court of Appeals for the Ninth Circuit is dated August 31, 1982. The fact that DeJulio and TLV subsequently lost these on Summary Judgment cannot be used as an assertion that the claim was not filed in good faith on October 3, 1978.

■ There is no evidence of any "continued prosecution" of the Proof of Claim by Perry, DeJulio or TLV. Indeed, in the normal course of events, a creditor takes no further action after he files a Proof of Claim. Perhaps Lawler feels that DeJulio had some affirmative duty to withdraw the Proof of Claim once he had lost the battles in the United States District Court in California and in the Courts of the State of Texas—but this is not the procedure prescribed under the Bankruptcy Act and by the Bankruptcy Rules. If Lawler feels that a claim is improper, it is incumbent upon Lawler to file an objection to that claim. In this instance, all that was necessary was to file a very simple objection to Claim No. 45, attaching copies of the Final Judgments in the State and Federal Courts. This would have been sufficient to have Claim No. 45 denied in its entirety. Certainly it cannot be said that the failure of DeJulio, Perry and TLV to withdraw Claim No. 45 constitutes "continued prosecution of the Proof of Claim" that is "harassing and needlessly increases the cost of litigation." The increased litigation in this matter has been caused by Lawler, not by DeJulio, Perry or TLV.

Lawler further asserts that DeJulio and members of the TLV "engaged in protracted litigation to avoid collection of the judgment." The evidence in this proceeding does indicate that DeJulio and TLV (but not "the members") engaged in litigation and filed appeals. This is not surprising since the issues raised were the validity of a $950,000.00 note and a judgment in excess of $1.3 million. Fed.R.Civ.P. 11 relates to actions then pending before the Federal Court. The sanctions imposed by that Rule are certainly not to be levied for actions taken in other proceedings, be they in State or Federal Courts. If sanctions were appropriate in those other proceedings, Lawler should have asked for them at that time.

The process of objecting to claims is a normal proceeding within the Bankruptcy Court and not one which should normally subject the claimant to sanctions if he loses.[5]

Order accordingly.[6]

**5.** It is interesting to note that one of the grounds used by the Texas Court of Civil Appeals in cancelling the $950,000.00 note was that Lawler, as an agent for the Lawler Family Trusts, personally profited to the detriment of the Trusts, which fact was known to DeJulio, *supra* at 841 and 843. Lawler now seeks to chastise DeJulio for having the audacity to lose that suit; the net effect is that Lawler is trying to profit from his own misdeeds.

**6.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.