IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-50386

ELSIE J. CHURCH,  Deceased;
MARSHALL B. MILLER, JR.,
Independent Co-Executor; MARY
ELISE NEWTON, Independent
Co-Executor,

                                                  Plaintiffs-Appellees,

                              versus

UNITED STATES OF AMERICA,

                                                  Defendant-Appellant.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. SA-97-CV-774)
_____
July 18, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

PER CURIAM:[*]

    The judgment of the district court is affirmed for the following reasons.

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The only issue of the estate's valuation is whether the transfer of the assets was restricted at the time of Church's death. Different legal theories have been argued during the course of this proceeding, but that has always been the dispositive question – as it was the basis for the different valuations given the assets by the appraiser (not now questioned). Regardless of the status of the limited partnership due to the certificate not being filed on that date, the documents that Church had signed imposed restrictions on the assets that necessarily caused their value to be discounted even if no limited partnership was then formed.

We reject the government's argument that the 1999 revision of the Texas statute made the filing of the certificate an absolute prerequisite to the creation of a limited partnership and rendered an agreement between the parties unenforceable until the time of filing. A Texas court has held that a written partnership agreement constitutes an enforceable contract and governs the rights of the parties. Hoagland v. Finholt, 773 S.W.2d 740, 742-43 (Tex. App.–Dallas 1989, no writ). Further, the Bar Committee's commentary to the 1999 revision of section 2.01 states that the revision was not meant to overturn Garrett v. Koepke, 569 S.W.2d 568 (Tex. App.–Dallas 1978, writ ref'd n.r.e.), which held that an entity could operate as a limited partnership before filing a certificate. TEX. REV. CIV. STAT. ANN. art. 6132a-1 § 2.01, Source and Comment–Bar Committee (Vernon Supp. 2001).

The estate stated in its pleadings that the discounts for lack of control applied without the formation of a limited partnership, and in its refund claim it stated that it was

2

entitled to a "discount for lack of control and marketability." The IRS was apprised of the nature of the refund claim.

AFFIRMED.