APCAR INVESTMENT PARTNERS VI, LTD., Appellant,

v.

Michael L. GAUS and John C. West, Appellees.

No. 11–03–00332–CV.

Court of Appeals of Texas, Eastland.

Jan. 20, 2005.

---

Hal Gordon, James F. Tyson, Houston, for Appellant.

Eric D. Wade, Melinda Hudspeth, Eugene M. Nettles, Nancy Elliott, Porter & Hedges, L.L.P., Houston, for Appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Apcar Investment Partners VI, Ltd. brought suit for breach of a lease agreement against Smith & West, L.L.P. Apcar also sought to recover for the alleged breach of the lease against Smith & West, L.L.P.'s partners, Michael L. Gaus and John C. West, in their individual capacities. The trial court granted summary judgment to Gaus and West. The trial court severed Apcar's claims against Gaus and West from the remainder of the suit. Thus, the judgment in favor of Gaus and West became final and appealable. We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

## Background Facts

On March 6, 1995, Smith & West, L.L.P. registered as a domestic limited liability partnership under Article 6132b–3.08 of the Texas Revised Partnership Act. TEX. REV.CIV.STAT.ANN. art. 6132b–3.08 (Vernon Supp.2004–2005). On August 11, 1999, MF Partners I, Ltd. and Smith & West, L.L.P. entered into the lease in question. Under the lease, Smith & West, L.L.P. leased office space from MF Partners I, Ltd. for a term of 60 months. In connection with the lease, Gaus and West signed a guaranty personally guaranteeing Smith & West, L.L.P.'s performance during the first 24 months of the lease.

MF Partners I, Ltd. assigned its interest in the lease to Apcar. Apcar claimed that, on October 31, 2002, Smith & West, L.L.P. stopped paying rent under the lease and abandoned the leased premises. Apcar filed suit for breach of lease against Smith & West, L.L.P.; Gaus; and West. Gaus and West moved for summary judgment on two grounds: (1) that, as partners in a registered limited liability partnership, they were not individually liable for the

partnership's obligations under the lease and (2) that the guaranty they signed in connection with the lease limited their personal liability to the first two years of the lease term. Apcar moved for partial summary judgment, asserting that Gaus and West were individually liable for Smith & West, L.L.P.'s obligations under the lease because Smith & West, L.L.P. was not a registered limited liability partnership when it entered into the lease in question. The trial court granted Gaus and West's motion for summary judgment and denied Apcar's motion for partial summary judgment.

### Issues Presented

Apcar presents four points of error for review. In its first point of error, Apcar argues that the trial court erred in granting Gaus and West's motion for summary judgment and in denying its motion for partial summary judgment. Because our holding in the first issue is dispositive of this appeal, we need not address Apcar's other issues. TEX.R.APP.P. 47.1.

### Standard of Review

*Gaus and West's Motion for Summary Judgment*

This appeal involves the review of a traditional motion for summary judgment. We will apply the well-recognized standard of review for traditional summary judgments. We must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The trial court's order granting summary judg-

ment does not specify the grounds upon which it was based. When a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chemical Company v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

*Apcar's Motion for Partial Summary Judgment*

■ Apcar also seeks review of the denial of its motion for partial summary judgment. The general rule is that the denial of a summary judgment is not reviewable on appeal because the denial of a summary judgment is not a final judgment. *Cincinnati Life Insurance Company v. Cates,* 927 S.W.2d 623, 625 (Tex. 1996). However, when both sides move for summary judgment and the court grants one motion and denies the other motion, the denial is reviewable as part of the appeal from the granted motion. *Krohn v. Marcus Cable Associates, L.P.,* 43 S.W.3d 577, 583 (Tex.App.-Waco 2001), *aff'd,* 90 S.W.3d 697 (Tex.2002). Absent an exception or statutory mandate, the parties must have both sought a final judgment for this rule to apply. *Krohn v. Marcus Cable Associates, L.P., supra.* Apcar moved for a partial summary judgment; it did not move for a final judgment. Apcar has not shown an exception or statutory mandate permitting the appeal of the denial of its motion for partial summary judgment. Therefore, we cannot review the denial of Apcar's motion in this appeal. *Krohn v. Marcus Cable Associates, L.P., supra* at 583–84.

### Registered Limited Liability Partnership Statute

■ As one ground for summary judgment, Gaus and West argued that they

were protected from individual liability under Article 6132b–3.08(a)(1) of the Texas Revised Partnership Act. The determination of this issue involves the interpretation of Article 6132b–3.08. No Texas case has addressed the issue before this court.

Article 6132b–3.08 is entitled "Liability in and Registration of Registered Limited Liability Partnership." Article 6132b–3.08(a)(1) provides that "a partner in a registered limited liability partnership is not individually liable ... for debts and obligations ... incurred while the partnership is a registered limited liability partnership." Apcar contends that the lease obligations were not incurred while Smith & West, L.L.P. was a registered limited liability partnership because Smith & West, L.L.P.'s status as a registered limited liability partnership expired in 1996–three years before the lease was executed. Therefore, Apcar asserts that Gaus and West are personally liable for the lease obligations. Gaus and West contend that Smith & West, L.L.P.'s initial registration as a registered limited liability partnership in 1995 protects them from individual liability in this case. To support their argument, Gaus and West rely on cases involving the statutory filing requirements for limited partnerships. They assert that, based on the reasoning of the limited partnership cases, Smith & West, L.L.P. did not need to comply with statutory renewal requirements for maintaining its status as a registered limited liability partnership in order to protect them from individual liability under the lease.

Article 6132b–3.08(b) sets forth the requirements for registration of a limited liability partnership. Article 6132b–3.08(b)(4) provides in pertinent part:

A partnership is registered as a registered limited liability partnership on filing a completed initial or renewal application, in duplicate with the required fee, or on a later date specified in the application.

Article 6132b–3.08(b)(5) provides:

An initial application filed under this subsection and registered by the secretary of state expires one year after the date of registration or later effective date unless earlier withdrawn or revoked or unless renewed in accordance with Subdivision (7).

Article 6132b–3.08(b)(7) provides:

An effective registration may be renewed before its expiration by filing in duplicate with the secretary of state an application containing current information of the kind required in an initial application and the most recent date of registration of the partnership. The renewal application must be accompanied by a fee of $200 for each partner on the date of renewal. A renewal application filed under this section continues an effective registration for one year after the date the effective registration would otherwise expire.

Smith & West, L.L.P. filed its initial application registering as a registered limited liability partnership on March 6, 1995. Article 6132b–3.08(b)(5) provided that the initial registration would expire one year after the date of registration (on March 6, 1996) unless renewed in accordance with Subdivision (7). Smith & West, L.L.P. did not file a renewal application before the expiration date. Therefore, its status as a registered limited liability partnership expired on March 6, 1996.

Smith & West, L.L.P. entered into the lease three years after its status as a registered limited liability partnership expired. Article 6132b–3.08(a)(1) protects partners from individual liability for debts and obligations that are incurred while the partnership is a registered limited liability partnership. Smith & West, L.L.P. was

not a registered limited liability partnership when it incurred the lease obligations. Thus, the clear language of Article 6132b–3.08(a)(1) supports Apcar's position that Gaus and West are not protected from individual liability for the lease obligations.

Gaus and West argue that a limited liability partnership is not required to strictly comply with the registration requirements in Article 6132b–3.08(b) for its partners to be protected from individual liability under 6132b–3.08(a)(1). In the context of limited partnerships, courts have held that it is not necessary for limited partnerships to strictly comply with statutory filing requirements for its limited partners to receive limited liability protection. *See Laney v. Commissioner of Internal Revenue*, 674 F.2d 342 (5th Cir. 1982); *Shindler v. Marr & Associates*, 695 S.W.2d 699 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Garrett v. Koepke*, 569 S.W.2d 568 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.); *Voudouris v. Walter E. Heller & Company*, 560 S.W.2d 202 (Tex. Civ.App.-Houston [1st Dist.] 1977, no writ). In each of these cases, the courts held that limited partners did not lose their limited liability status when the partnership failed to comply with filing requirements. *Laney v. Commissioner of Internal Revenue, supra* at 347–48; *Shindler v. Marr & Associates, supra* at 702–04; *Garrett v. Koepke, supra* at 570–71; *Voudouris v. Walter E. Heller & Company, supra* at 207–08.

The Texas Revised Limited Partnership Act is set forth in TEX.REV.CIV.STAT. ANN. art. 6132a–1 (Vernon Supp.2004–2005). Article 6132a–1, section 2.01(a) provides that, to form a limited partnership, the partners must execute a certificate of limited partnership and the partners shall file the certificate of limited partnership with the secretary of state. *Garrett* involved a similar filing requirement under a predecessor statute, the Uniform Limited Partnership Act, former TEX.REV.CIV. STAT. art. 6132a, ' 3 (1970).[1] In *Garrett*, the limited partnership failed to file the certificate of limited partnership. *Garrett v. Koepke, supra* at 570. The plaintiffs in *Garrett* claimed that the limited partners were liable as general partners because of the failure to file the certificate. The court explained that the primary purpose of the limited partnership statute is to provide notice of the limited partnership status to third parties. The court found that the plaintiffs "already had the information that would have been provided by compliance with the statute prior to dealing with the limited partnership." *Garrett v. Koepke, supra* at 569. Therefore, the court held that the partnership's failure to comply with Article 6132a did not cause the limited partners to lose their status as limited partners. *Garrett v. Koepke, supra.*

The limited partnership cases are distinguishable from registered limited liability partnership cases for two reasons. First, the clear language of Article 6132b–3.08(a)(1) provides that partners are protected from individual liability only for debts and obligations that are incurred while the partnership is a registered limited liability partnership. Article 6132b–3.08(b)(5) and (b)(7) provides that registration expires in one year unless it is renewed prior to the expiration date. To apply the reasoning of the limited partnership cases would conflict with the clear language of Article 6132b–3.08. Second, the Texas Revised Limited Partnership Act (Article 6132a–1) contains a provision

---

**1.** See also Laney, Shindler, and Voudouris that involved similar filing requirements under the Uniform Limited Partnership Act.

that is not present in Article 6132b–3.08. Article 6132a–1, section 2.01(b) provides in part as follows:

[A] limited partnership is formed at the time of the filing of the initial certificate of limited partnership with the secretary of state or at a later date or time specified in the certificate if there has been substantial compliance with the requirements of this section.

Article 6132b–3.08 does not contain a "substantial compliance" section, nor does it contain a grace period for filing a renewal application. We hold that a partnership must be in compliance with the registration requirements in Article 6132b–3.08(b) for its partners to receive protection from individual liability under Article 6132b–3.08(a)(1). Smith & West, L.L.P. was not a registered limited liability partnership when it incurred the lease obligations; therefore, Gaus and West are not protected from individual liability for the lease obligations under Article 6132b–3.08(a)(1).

### The Guaranty

As an additional ground for summary judgment, Gaus and West argued that the guaranty they signed in connection with the lease limited their personal liability to the first two years of the lease term. The guaranty stated as follows:

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, PROVIDED LESSOR HAS NOT ASSERTED ANY CLAIM AGAINST THE UNDERSIGNED FOR PAYMENT UNDER THIS GUARANTY, THIS GUARANTY SHALL TERMINATE AND BE OF NO FURTHER FORCE OR EFFECT ON THE DATE THAT IS 24 MONTHS AFTER THE COMMENCEMENT DATE.

While Gaus's and West's liability under the guaranty may have been limited to the first two years of the lease, the issue of their liability under the guaranty is different from the issue of their liability under the lease itself. We have determined that Gaus and West, as partners in Smith and West, L.L.P., may be individually liable for Smith & West, L.L.P.'s lease obligations because Smith and West, L.L.P. was not a registered limited liability partnership when it incurred the lease obligations. The guaranty did not limit Gaus's and West's liability as partners for the partnership's lease obligations. Gaus and West failed to show that they were entitled to judgment as a matter of law.

The trial court erred in granting summary judgment to Gaus and West. Apcar's first point of error is sustained insofar as it complains of the granting of summary judgment to Gaus and West.

### This Court's Ruling

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.