11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Apcar Investment Partners VI, Ltd. 

Appellant

Vs.                   No. 11-03-00332-CV -- Appeal
from Harris County

Michael
L. Gaus and John C. West       

Appellees

 

 Apcar Investment Partners VI, Ltd. brought suit for breach
of a lease agreement against Smith & West, L.L.P.  Apcar also sought
to recover for the alleged breach of the lease against Smith & West, L.L.P.=s partners, Michael L. Gaus and John C. West, in their individual capacities.  The trial court granted summary judgment to Gaus and West.  The
trial court severed Apcar=s
claims against Gaus and West from the remainder of
the suit.  Thus, the judgment in favor of
Gaus and West became final and appealable.  We reverse the judgment of the trial court
and remand this cause for further proceedings consistent with this opinion.

                                                                Background
Facts

On March 6, 1995, Smith & West, L.L.P.
registered as a domestic limited liability partnership under Article 6132b-3.08
of the Texas Revised Partnership Act. 
TEX.REV.CIV.STAT.ANN. art. 6132b-3.08 (Vernon Supp. 2004 - 2005).  On August 11, 1999, MF Partners I, Ltd. and
Smith & West, L.L.P. entered into the lease in question.  Under the lease, Smith & West, L.L.P.
leased office space from MF Partners I, Ltd. for a term of 60 months.  In connection with the lease, Gaus and West signed a guaranty personally guaranteeing
Smith & West, L.L.P.=s
performance during the first 24 months of the lease.








MF Partners I, Ltd. assigned its interest in the
lease to Apcar. 
Apcar claimed that, on October 31, 2002, Smith
& West, L.L.P. stopped paying rent under the lease and abandoned the leased
premises.  Apcar
filed suit for breach of lease against Smith & West, L.L.P.; Gaus; and West.  Gaus and West moved for summary judgment on two
grounds:  (1) that, as partners in a
registered limited liability partnership, they were not  individually liable for the partnership=s obligations under the lease and (2)
that the guaranty they signed in connection with the lease limited their
personal liability to the first two years of the lease term.  Apcar moved for
partial summary judgment, asserting that Gaus and
West were individually liable for Smith & West, L.L.P.=s obligations under the lease because
Smith & West, L.L.P. was not a registered limited liability partnership
when it entered into the lease in question. 
The trial court granted Gaus and West=s motion for summary judgment and
denied Apcar=s
motion for partial summary judgment. 

                                                                  Issues
Presented 

Apcar presents four
points of error for review.  In its first
point of error, Apcar argues that the trial court
erred in granting Gaus and West=s motion for summary judgment and in
denying its motion for partial summary judgment.  Because our holding in the first issue is dispositive of this appeal, we need not address Apcar=s
other issues.  TEX.R.APP.P. 47.1. 

                                                               Standard
of Review

Gaus and West=s Motion for Summary Judgment

This appeal involves the review of a traditional
motion for summary judgment.  We will
apply the well-recognized standard of review for traditional summary judgments.
We must consider the summary judgment evidence in the light most favorable to
the non-movant, indulging all reasonable inferences
in favor of the non-movant, and determine whether the
movant proved that there were no genuine issues of
material fact and that it was entitled to judgment as a matter of law. Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546 (Tex.1985); City
of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671 (Tex.1979).  The trial court=s
order granting summary judgment does not specify the grounds upon which it was
based.  When a trial court=s order granting summary judgment does
not specify the ground or grounds relied upon for its ruling, summary judgment
will be affirmed on appeal if any of the summary judgment grounds advanced by
the movant are meritorious.  Dow Chemical Company v. Francis, 46
S.W.3d 237, 242 (Tex. 2001); Carr v. Brasher, 776 S.W.2d 567, 569
(Tex.1989).

Apcar=s
Motion for Partial Summary Judgment








Apcar also seeks review
of the denial of its motion for partial summary judgment.  The general rule is that the denial of a
summary judgment is not reviewable on appeal because the denial of a summary
judgment is not a final judgment.  Cincinnati
Life Insurance Company v. Cates, 927 S.W.2d 623, 625 (Tex.1996).  However, when both sides move for summary
judgment and the court grants one motion and denies the other motion, the
denial is reviewable as part of the appeal from the granted motion.  Krohn v.
Marcus Cable Associates, L.P., 43 S.W.3d 577, 583 (Tex.App.
- Waco 2001), aff=d,
90 S.W.3d 697 (Tex.2002).  Absent an
exception or statutory mandate, the parties must have both sought a final
judgment for this rule to apply.  Krohn v. Marcus Cable Associates, L.P.,
supra.  Apcar
moved for a partial summary judgment; it did not move for a final
judgment.  Apcar
has not shown an exception or statutory mandate permitting the appeal of the
denial of its motion for partial summary judgment.  Therefore, we cannot review the denial of Apcar=s
motion in this appeal.  Krohn v. Marcus Cable Associates, L.P., supra at
583-84.  

Registered Limited Liability Partnership
Statute

 As one
ground for summary judgment, Gaus and West argued
that they were protected from individual liability under Article
6132b-3.08(a)(1) of the Texas Revised Partnership Act.  The determination of this issue involves the
interpretation of Article 6132b-3.08.  No
Texas case has addressed the issue before this court.  








Article 6132b-3.08 is entitled ALiability in and Registration of
Registered Limited Liability Partnership.@
 Article 6132b-3.08(a)(1) provides that Aa partner in a registered limited
liability partnership is not individually liable...for debts and
obligations...incurred while the partnership is a registered limited liability
partnership.@ Apcar contends that the lease obligations were not incurred
while Smith & West, L.L.P. was a registered limited liability partnership
because Smith & West, L.L.P.=s
status as a registered limited liability partnership expired in 1996 B three years before the lease was
executed.  Therefore, Apcar
asserts that Gaus and West are personally liable for
the lease obligations.  Gaus and West contend that Smith & West, L.L.P.=s initial registration as a registered
limited liability partnership in 1995 protects them from individual liability
in this case.  To support their argument,
Gaus and West rely on cases involving the statutory
filing requirements for limited partnerships. 
They assert that, based on the reasoning of the limited partnership
cases, Smith & West, L.L.P. did not need to comply with statutory renewal
requirements for maintaining its status as a registered limited liability
partnership in order to protect them from individual liability under the lease.

Article 6132b-3.08(b) sets forth the requirements
for registration of a limited liability partnership.  Article 6132b-3.08(b)(4) provides in
pertinent part:

A partnership is registered as a registered
limited liability partnership on filing a completed initial or renewal
application, in duplicate with the required fee, or on a later date specified
in the application.

 

Article 6132b-3.08(b)(5) provides:

An initial application filed under this subsection
and registered by the secretary of state expires one year after the date of
registration or later effective date unless earlier withdrawn or revoked or
unless renewed in accordance with Subdivision (7).

 

Article 6132b-3.08(b)(7) provides:

An effective registration may be renewed before
its expiration by filing in duplicate with the secretary of state an
application containing current information of the kind required in an initial
application and the most recent date of registration of the partnership.  The renewal application must be accompanied
by a fee of $200 for each partner on the date of renewal.  A renewal application filed under this
section continues an effective registration for one year after the date the
effective registration would otherwise expire.

 

Smith & West, L.L.P. filed its initial
application registering as a registered limited liability partnership on March
6, 1995.  Article 6132b-3.08(b)(5)
provided that the initial registration would expire one year after the date of
registration (on March 6, 1996) unless renewed in accordance with Subdivision
(7).  Smith & West, L.L.P. did not
file a renewal application before the expiration date. Therefore, its status as
a registered limited liability partnership expired on March 6, 1996. 








Smith & West, L.L.P. entered into the lease
three years after its status as a registered limited liability partnership
expired.  Article 6132b-3.08(a)(1)
protects partners from individual liability for debts and obligations that are
incurred while the partnership is a registered limited liability
partnership.  Smith & West, L.L.P.
was not a registered limited liability partnership when it incurred the lease
obligations.  Thus, the clear language of
Article 6132b-3.08(a)(1) supports Apcar=s position that Gaus
and West are not protected from individual liability for the lease
obligations.       Gaus and West argue that a limited
liability partnership is not required to strictly comply with the registration
requirements in Article 6132b-3.08(b) for its partners to be protected from
individual liability under 6132b-3.08(a)(1). 
In the context of limited partnerships, courts have held that it is not
necessary for limited partnerships to strictly comply with statutory filing
requirements for its limited partners to receive limited liability
protection.  See Laney v.
Commissioner of Internal Revenue, 674 F.2d 342 (5th Cir. 1982); Shindler v. Marr & Associates, 695 S.W.2d 699 (Tex.App. - Houston [1st Dist.] 1985, writ ref=d n.r.e.); Garrett
v. Koepke, 569 S.W.2d 568 (Tex.Civ.App.
- Dallas 1978, writ ref=d
n.r.e.); Voudouris
v. Walter E. Heller & Company, 560 S.W.2d 202 (Tex.Civ.App.
- Houston [1st Dist.] 1977, no writ).  In
each of these cases, the courts held that limited partners did not lose their
limited liability status when the partnership failed to comply with filing
requirements.  Laney v. Commissioner
of Internal Revenue, supra at 347-48; Shindler
v. Marr & Associates, supra at 702-04; Garrett v. Koepke, supra at 570-71; Voudouris
v. Walter E. Heller & Company, supra at 207-08. 

The Texas Revised Limited Partnership Act is set
forth in TEX.REV.CIV.STAT.ANN. art. 6132a-1 (Vernon Supp. 2004 - 2005).  Article 6132a-1, section 2.01(a) provides
that, to form a limited partnership, the partners must execute a certificate of
limited partnership and the partners shall file the certificate of limited
partnership with the secretary of state. 
Garrett involved a similar filing requirement under a predecessor
statute, the Uniform Limited Partnership Act, former TEX.REV.CIV.STAT. art.
6132a, ' 3
(1970).[1]  In Garrett, the limited partnership
failed to file the certificate of limited partnership.  Garrett v. Koepke,
supra at 570. The plaintiffs in Garrett claimed that the limited
partners were liable as general partners because of the failure to file the
certificate.  The court explained that
the primary purpose of the limited partnership statute is to provide notice of
the limited partnership status to third parties.  The court found that the plaintiffs Aalready had the information that would
have been provided by compliance with the statute prior to dealing with the
limited partnership.@  Garrett v. Koepke,
supra at 569.  Therefore, the
court held that the partnership=s
failure to comply with Article 6132a did not cause the limited partners to lose
their status as limited partners.   Garrett
v. Koepke, supra.                       








 The limited
partnership cases are distinguishable from registered limited liability
partnership cases for two reasons. 
First, the clear language of Article 6132b-3.08(a)(1) provides that
partners are protected from individual liability only for debts and obligations
that are incurred while the partnership is a registered limited liability
partnership.  Article 6132b-3.08(b)(5) and
(b)(7) provides that registration expires in one year unless it is renewed
prior to the expiration date.  To apply
the reasoning of the limited partnership cases would conflict with the clear
language of Article 6132b-3.08.  Second,
the Texas Revised Limited Partnership Act (Article 6132a-1) contains a
provision that is not present in Article 6132b-3.08.  Article 6132a-1, section 2.01(b) provides in
part as follows:

[A]
limited partnership is formed at the time of the filing of the initial
certificate of limited partnership with the secretary of state or at a later
date or time specified in the certificate if there has been substantial
compliance with the requirements of this section.

          

Article 6132b-3.08 does not contain a  Asubstantial
compliance@ section,
nor does it contain a grace period for filing a renewal application.  We hold that a partnership must be in
compliance with the registration requirements in Article 6132b-3.08(b) for its
partners to receive protection from individual liability under Article
6132b-3.08(a)(1).  Smith & West,
L.L.P. was not a registered limited liability partnership when it incurred the
lease obligations; therefore, Gaus and West are not
protected from individual liability for the lease obligations under Article
6132b-3.08(a)(1).

                                                                    The
Guaranty

As an additional ground for summary judgment, Gaus and West argued that the guaranty they signed in
connection with the lease limited their personal liability to the first two
years of the lease term.  The guaranty
stated as follows:

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN,
PROVIDED LESSOR HAS NOT ASSERTED ANY CLAIM AGAINST THE UNDERSIGNED FOR PAYMENT
UNDER THIS GUARANTY, THIS GUARANTY SHALL TERMINATE AND BE OF NO FURTHER FORCE
OR EFFECT ON THE DATE THAT IS 24 MONTHS AFTER THE COMMENCEMENT DATE.

 








            While Gaus=s and West=s
liability under the guaranty may have been limited to the first two years of
the lease, the issue of their liability under the guaranty is different from
the issue of their liability under the lease itself.  We have determined that Gaus
and West, as partners in Smith and West, L.L.P., may be individually liable for
Smith & West, L.L.P.=s
lease obligations because Smith and West, L.L.P. was not a registered limited
liability partnership when it incurred the lease obli-gations.  The guaranty did not limit Gaus=s
and West=s
liability as partners for the partnership=s
lease obligations.  Gaus
and West failed to show that they were entitled to judgment as a matter of law.

The trial court erred in granting summary judgment
to Gaus and West. 
Apcar=s
first point of error is sustained insofar as it complains of the granting of
summary judgment to Gaus and West.

                                                                This
Court=s Ruling

The judgment of the trial court is reversed, and
this cause is remanded for further proceedings consistent with this
opinion.                     

 

TERRY McCALL

JUSTICE

 

January 20, 2005

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











     [1]See also Laney, Shindler, and Voudouris that
involved similar filing requirements under the Uniform Limited Partnership Act.