

# NUMBER 13-13-00532-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DONALD J. JANSSEN,**                                           **Appellant,**

**v.**

**DAVID A. JANSSEN AND**
**NOBLE EF DLG LP,**                                        **Appellee.**

---

## On appeal from the 267th District Court
## of DeWitt County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant, Donald Janssen, appeals the trial court granting of

appellee, Donald Janssen's motion for summary judgment. We affirm.

## I.  BACKGROUND

Donald and David Janseen are brothers, and they are disputing the ownership of certain mineral rights to a property previously owned by their mother, Helen.  Prior to Helen's death in 1991, she had gifted a twenty-acre tract of land to her son, David, in DeWitt County, reserving the mineral rights of that tract to herself and her heirs.  When Helen died, her two sons were appointed co-executors of her estate and shared the estate in equal undivided shares, including the tracts of land she owned.

In 1993, the brothers executed a partition deed in regard to three tracts of land owned by Helen's estate: Tract 1 which is a lot located in Lavaca County ("Tract 1"); Tract 2, which was forty-five acres prior to the gift deed, is located in DeWitt County, and is the property at issue in this appeal ("Tract 2"); and Tract 3, which is eighty-three acres, and located in DeWitt County ("Tract 3").  Prior to the execution of the partition deed, David and Donald each owned Tract 1 and Tract 3 in equal undivided shares.  Prior to executing the partition deed, Donald and David each had equal undivided ownership in Tract 2 of the remaining twenty-five acres of the surface estate, as well as the full forty-five acres of the mineral estate.  David retained his twenty-acres of the surface estate from Helen's gift deed as his entirely.

The partition deed between Donald and David has two parts.  In Part I, David transfers all of Tract 3 to Donald, with no restrictions.  Part II of the partition deed uses the exact same language as Part I to pass both Tract 1 and Tract 2 from Donald to David, including the language:

> It is hereby COVENANTED, GRANTED, CONCLUDED, and agreed by [conveying brother], and he COVENANTS, GRANTS, CONCLUDES and AGREES for himself and his heirs and assigns, that receiving brother] shall from henceforth have, hold, possess and enjoy, *in severalty* as his separate

2

property and estate, by himself and to his heirs and assigns, for his part, share and proportion of the said property and premises, *free from any and all claims of the other parties hereto*, in and to all tracts or parcels of land lying and being situated in Lavaca County and De Witt County, Texas, described as follow, to-wit. . . . (description of the metes and bounds of the land follows). (emphasis added).

. . . .

The section of the deed in Tract 2 at issue is as follows:

LESS HOWEVER 20.00 ACRES, TO-WIT:

All that certain 20.000 acre tract or parcel of land lying and being situated in De Witt County, Texas, being a part of the J. E. King Survey, Abs. 298, and more particularly being a portion of that certain 45 acres of land as described in that certain deed from L. J. Kunetka and wife, Agnes Kunetka, to Ludwig Janssen, dated October 30, 1947, recorded in Volume 144, Pages 624-626, DeWitt County Deed Records and this tract hereby intended to be conveyed is further describes by metes and bounds as follows, to-wit: (description of metes and bounds)

. . . .

And the other party hereto does GRANT, RELEASE, and CONFIRM unto the said DAVID A. JANSSEN, the above described premises to have and to hold in severalty with all and singular the hereditaments and appurtenances thereunto belonging unto the said DAVID A. JANSSEN, and the other party hereto does covenant to warrant and defend the same unto the said DAVID A .JANSSEN, against the claim or claims of any person or persons by, through or under them.

Based on the descriptions and language used in the partition deed, Tract 1 was allocated to David in full from Donald and Tract 3 was allocated to Donald in full from David. Tract 2 was allocated in full to David from Donald, minus the previous twenty-acre gift he received from his mother.

However, in 2011, Donald conveyed a one-fourth interest of Tract 2's twenty-acre mineral rights to Noble EF DLG, LP ("Noble"), claiming he had not given up his interest in the twenty-acres of Tract 2's mineral rights by the execution of the partition deed. David

3

filed suit against Donald in September 2011, asking for a declaratory judgment that stated the 1993 partition deed between the two brothers conveyed all surface and all mineral rights of each respective tract of land they exchanged. Noble later joined the suit and all three parties requested traditional summary judgment from the trial court. In 2013, the trial court granted summary judgment in favor of David and denied summary judgment of both Donald and Noble's claims. Noble did not appeal the denial of its motion for summary judgment. However, Donald appealed.

## II.    SUMMARY JUDGMENT

By his sole issue, Donald argues that the trial court erred in granting David's motion for summary judgment and in denying his motion for summary judgment.

### A.    Standard of Review

"We review the trial court's summary judgment de novo." *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* "The general rule is that the denial of a summary judgment is not reviewable on appeal because the denial of a summary judgment is not a final judgment." *Apcar Inv. Partners IV, Ltd. V. Gaus*, 161 S.W.3d 137, 139 (Tex. App.—Eastland 2005, no pet.). However, "when both sides move for summary judgment and the court grants one motion and denies the other motion, the denial is reviewable as part of the appeal from the granted motion." *Id.* Both parties must have "both sought a final judgment for this rule to apply." *Id.* Because both sides moved for summary judgment, "we determine all questions presented and render the judgment the trial court should have rendered." *Knapp Med. Ctr., Inc. v. Grass*, 443 S.W.3d 182,

4

187 (Tex. App.—Corpus Christi 2013, pet. denied) (citing *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 529 (Tex. 2002)). The trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgement as a matter of law. Tex. R. Civ. P. 166a(c); *Escondido Services, LLC v. VKM Holdings, LP*, 321 S.W.3d 102, 105 (Tex. App.—Eastland 2010, no pet.).

### B.    Applicable Law and Discussion

Both parties argue that the partition deed executed between them conveyed different titles to Tract 2. Donald claims he only conveyed the surface and mineral estate of the twenty-five acres of Tract 2 to David and reserved his one-half interest in the underlying mineral rights in the twenty-acres already belonging to David of Tract 2. David disagrees and claims that the partition deed transferred the entire estate (both surface and minerals) of each tract of land the brothers exchanged and by doing so, Donald did not have any rights to execute a mineral deed to Noble on Tract 2.

It has long been the law in Texas that a:

> partition deed does not operate as a conveyance or transfer of title, the effect being to divide the property and to give to each the share which he already owned by virtue of some prior deed or other conveyance, [citations omitted], the reason being that the parties already owned their respective interests and a partition deed from one to another is not the conveyance of title but merely the division of the property so that each may have exclusive use and occupancy and the right to dispose of as he sees fit his own land, to make it in a form certain instead of an undivided interest in the whole.

*Zapatero v. Canales*, 730 S.W.2d 111, 115 (Tex. App.—San Antonio 1987, no pet.) (citing *Hamilton v. Hamilton*, 280 S.W.2d 588, 593, 154 Tex. 511 (1955)). However, partition deeds are nevertheless binding contracts and subject to the usual rules of construction to determine their scope and application. *Garza v. De Montalvo*, 217 S.W.2d 988, 993

5

(Tex. 1949). The "primary duty of a court when construing such a deed is to ascertain the intent of the parties from all of the language in the deed by a fundamental rule of construction known as the four corners rule." *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991). The intent of the parties "must be determined from what is expressed in the instrument as a whole and apparent inconsistencies in the conveying instrument must be harmonized by looking at the document as a whole." *Id.* at 462.

In order to determine which brother is correct in their interpretation, we have to go to the four corners of the actual deed itself. The general rule is that "[d]eeds are construed to convey to the grantee the greatest estate possible." *Graham v. Kuzmich*, 876 S.W.2d 446, 448 (Tex. App.—Corpus Christi 1994, no pet.) (citing *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex. Civ. App.—Corpus Christi 1981, writ ref'd n.r.e.)). This rule applies to unambiguous deeds. *Reeves,* 621 S.W.2d at 211-12. A "deed that does not except property owned by the grantor conveys the grantor's entire estate." *Id.* at 449. "Reservations and exceptions in the deed are strongly construed against the grantor and in favor of the grantee." *Id.* Reservations must be by clear language. *Id.*

Donald argues to this court that the separate description of the twenty-acres shows the intent of the parties to "exclude" this land from the deed, thereby giving him continued rights in the minerals of the twenty-acres. However, by reading the language of the partition agreement, that is not what was stated within the document itself. There was no language of exclusion or reservation set forth within the document. The twenty-acres was referenced in a separate paragraph because of the gift deed that had been executed between David and his mother, Helen. The only property shared by the brothers in Tract

2 was the twenty-five acres, as well as the underlying mineral rights to the entire forty-five acre tract.

As stated in *Graham* and *Reeves*, reservations must be made in clear language, otherwise it is believed the grantor is granting his entire estate. *Graham*, 867 S.W.2d at 448; *Reeves*, 621 S.W.2d at 212. The Janssen brothers had an example of a deed with a reservation excepted: the gift deed between David and Helen. In the gift deed, Helen included a specific reservation paragraph, with clear wording, regarding the mineral rights to herself and her heirs. It was clear that the mineral rights would stay with her and be passed down to her heirs. Here, Donald wants this court to believe that he gave up his land and mineral interest in the twenty-five acre tract both brothers shared ownership of prior to the partition deed, but he reserved his mineral interest in the twenty acre tract that David already owned. That would lead to an absurd result and was not what was clearly defined. Donald and David did not execute a reservation in their partition deed, and as such, none exists. Each brother specifically gave up all claims to each parcel of land that was transferred to the other brother. Donald presented no fact issue for the trial court to consider and as such, the trial court was correct to grant David's motion for summary judgment.

### III.    CONCLUSION

By a reading of the four corners of the partition deed executed between the Janssen brothers, it is clear that each brother transferred both surface and mineral rights of each respective tract to the other brother. There was no reservation or exception explicitly spelled out in the partition deed. The trial court was correct to grant the motion for summary judgment for David Janssen, as no fact issue existed.

7

We affirm the trial court's judgment.

GINA BENAVIDES,
Justice

Delivered and filed the
2nd day of July, 2015.

8